## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JUAN PATRICIO MACAS and ) <br> LUIS GONZALO CARDENAS ONCE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL MALAN AUCACAMA ) <br> ) <br> Defendants. ) | Case No. 1:20-CV-6046 <br><br> PLAINTIFF DEMANDS <br> TRIAL BY JURY |

### COMPLAINT

Plaintiffs Juan Patricio Macas ("Macas") and Luis Gonzalo Cardenas Once ("Once") (collectively "Plaintiffs"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Defendant Daniel Malan Aucacama ("Aucacama" or "Defendant") and in support of this Complaint, states:

### Introduction and Parties

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL"), the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*)("IWPCA") , and the Chicago Minimum Wage and Paid Sick Leave Ordinance (Chicago Code Chapter 1-24-010 *et seq*) ("Chicago Wage Ordinance") for Defendants' failure to pay overtime wages owed.

2. Plaintiff Macas is a resident of Chicago, Cook County, Illinois; and he was formerly employed by Defendant.

3. Plaintiff Once is a resident of Chicago, Cook County, Illinois; and he was formerly employed by Defendant.

4.     Defendant Aucacama is an individual, and on information and belief a sole proprietor, that is a general contractor who formerly employed Plaintiffs; and he is a resident of Cook County, Illinois.

## Jurisdiction And Venue

5.     The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

## Facts Common To All Claims

7. At all relevant times, Plaintiff Macas was Defendant's "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff Macas does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

8. At all relevant times, Plaintiff Once was Defendant's "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff Once does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

9.     Defendant Aucacama is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as he is a sole proprietor of a for-profit business that performs general contracting work.

10. Defendant Aucacama is also an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA – Macas v. Defendants

11. Plaintiff Macas reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 12.

12. Plaintiff Macas began working for Defendant on or about April 1, 2020, and his last day of work was on or about July 15, 2020.

13. At all times, Plaintiff Macas was employed as a general worker that would perform general contracting tasks at the direction of Defendant.

14. From April 1, 2020 through July 15, 2020, Plaintiff Macas worked seventy-five (75) hours or more per work week as an employee for Defendant.

15. While employed by Defendants, Plaintiff was paid the following rates: from April 1, 2020 to April 15, 2020, he was paid $12 per hour; and from April 16, 2020 to July 15, 2020, Plaintiff Macas's rate of pay was $25 per hour.

16. Plaintiff Macas's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Throughout the course of his/her employment with Defendant, Defendant scheduled and directed Plaintiff Macas to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

18. Defendants did not pay Plaintiff Macas not less than one and a half (1.5) times the mandated regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. Additionally, Defendant failed to pay Plaintiff any wages from 150 hours of his time from June 14, 2020 to July 15, 2020.

20. On information and belief, Defendant has failed to keep proper time records tracking Plaintiff Macas's time worked; and Defendant's failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $5,687.50 in unpaid overtime wages; (ii) liquidated damages of $5,687.50 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**WHEREFORE**, Plaintiff Juan Patricio Macas respectfully requests that the Court enter a judgment in his favor and against Defendant Daniel Aucacama, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $5,687.50;

B. An award liquidated damages in an amount equal to at least $5,687.50;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**Count 2 – Violation of IMWL – Macas v. Defendants**

22. Plaintiff Macas reincorporates by reference Paragraphs 1-21, as if set forth in full herein for Paragraph 22.

23. This count arises from Defendant's violation of the IMWL, by: a) failing to pay Plaintiff Macas the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

24. Defendant's failure to pay Plaintiff Macas the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25. Pursuant to 820 ILCS 105/12(a), Plaintiff Macas is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Juan Patricio Macas respectfully requests that the Court enter a judgment in his favor and against Defendant Daniel Aucacama for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $5,687.50;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count 3– Violation of Chicago Ordinance – Macas v. Defendants**

26. Plaintiff Macas reincorporates by reference Paragraphs 1-25, as if set forth in full herein for Paragraph 26.

27. This count arises from Defendant's violation of the Chicago Code, by: a) failing to pay Plaintiff Macas the Chicago-mandated minimum wage and/or overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

28. Defendant directed Plaintiff Macas to and he did work as an employee, but was not compensated at least one and a half times his normal rate of pay for all hours worked in excess of forty (40) hours per week.

29. Defendants' failure to pay Plaintiff Macas the Chicago-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the Chicago Code.

30. Pursuant to Chicago Code 1-24-110, Plaintiff Macas is entitled to recover, treble the amount of unpaid overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Juan Patricio Macas respectfully requests that the Court enter a judgment in his favor and against Defendants Daniel Aucacama, for:

    A. Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $ 17,062.50;

    B. Declare that Defendants have violated the Chicago Code;

    C. Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

    D. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count 4 - Violations of the IWCPA – Macas v. Defendant**

31. Plaintiff Macas reincorporates by reference Paragraphs 1-30, as if set forth in full herein for Paragraph 30.

32. Defendants violated the IWCPA by failing to pay Plaintiff Macas for 150 hours of time during his final week(s) of employment with Defendant, which unpaid wages total $3,750.00.

33. In addition, pursuant to Section 14 of the IWCPA, Plaintiff Macas is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Juan Patricio Macas respectfully requests that the Court enter a judgment in his favor and against Defendant Daniel Aucacama for:

A. The amount of unpaid wages, totaling at least $3,750.00;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**Count 5 – Violation(s) of FLSA – Once v. Defendants**

34. Plaintiff Once reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 34.

35. Plaintiff Once began working for Defendant on or about June 1, 2020, and his last day of work was on or about July 2, 2020.

36. At all times, Plaintiff Once was employed as a general worker that would perform general contracting tasks at the direction of Defendant.

37. From June 1, 2020 through July 2, 2020, Plaintiff Once worked Forty-five (45) hours or more per work week as an employee for Defendant.

38. While employed by Defendants, Plaintiff was paid the following rate: $18 per hour.

39. Plaintiff Once's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

40. Throughout the course of his/her employment with Defendant, Defendant scheduled and directed Plaintiff Once to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendant; and Plaintiff did in fact work in excess of forty-hours for each work week.

41. Defendants did not pay Plaintiff Once not less than one and a half (1.5) times the mandated regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

42. Additionally, Defendant failed to pay Plaintiff any wages from 95 hours of his time from June 1, 2020 to July 2, 2020.

43. On information and belief, Defendant has failed to keep proper time records tracking Plaintiff Once's time worked; and Defendant's failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

44. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $180.00 in unpaid overtime and minimum wages; (ii) and liquidated damages of $180.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**WHEREFORE**, Plaintiff Luis Gonzalo Cardenas Once respectfully requests that the Court enter a judgment in his favor and against Defendant Daniel Aucacama, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $180.00;

B. An award liquidated damages in an amount equal to at least $180.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 6 – Violation of IMWL – Once v. Defendants

45. Plaintiff Once reincorporates by reference Paragraphs 1-10 and 34-44, as if set forth in full herein for Paragraph 45.

46. This count arises from Defendant's violation of the IMWL, by: a) failing to pay Plaintiff Once the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

47. Defendant's failure to pay Plaintiff Once the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff Once is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Luis Gonzalo Cardenas Once respectfully requests that the Court enter a judgment in his favor and against Defendant Daniel Aucacama for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $180.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 7– Violation of Chicago Ordinance – Once v. Defendants

49. Plaintiff Once reincorporates by reference Paragraphs 1-10 and 34-48, as if set forth in full herein for Paragraph 49.

50. This count arises from Defendant's violation of the Chicago Code, by: a) failing to pay Plaintiff Once the Chicago-mandated minimum wage and/or overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

51. Defendant directed Plaintiff Once to and he did work as an employee, but was not compensated at least one and a half times his normal rate of pay for all hours worked in excess of forty (40) hours per week.

52. Defendants' failure to pay Plaintiff Once the Chicago-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the Chicago Code.

53. Pursuant to Chicago Code 1-24-110, Plaintiff Once is entitled to recover, treble the amount of unpaid overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Luis Gonzalo Cardenas Once respectfully requests that the Court enter a judgment in his favor and against Defendants Daniel Aucacama, for:

A. Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $540.00;

B. Declare that Defendants have violated the Chicago Code;

C. Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

D. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 8 - Violations of the IWCPA – Once v. Defendant

54. Plaintiff Once reincorporates by reference Paragraphs 1-10 and 34-53, as if set forth in full herein for Paragraph 54.

55. Defendants violated the IWCPA by failing to pay Plaintiff Once for 95 hours of time during his final week(s) of employment with Defendant, which unpaid wages total $1,710.00.

56. In addition, pursuant to Section 14 of the IWCPA, Plaintiff Once is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Luis Gonzalo Cardenas Once respectfully requests that the Court enter a judgment in his favor and against Defendant Daniel Aucacama for:

A. The amount of unpaid wages, totaling at least $1,710.00;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ Daniel I. Schlade

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 312-726-8401
E: james@dorelawoffices.com; jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiffs request trial by jury for all counts where allowed**